UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANKLIN R. MIRANDA,

*Plaintiff*,

v.

EXPERIAN,

*Defendant*.

No. 23-CV-2819 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff, proceeding pro se, filed this action on April 4, 2023, (*see* Compl. (Dkt. No. 1)), and a Summons for Defendant Experian ("Defendant") was issued, (*see* Dkt.). On April 8, 2026, the Court issued an order to show cause by May 8, 2026 as to why this Action should not be dismissed for failure to serve. (Dkt. No. 4). Plaintiff has not served Defendant or otherwise communicated with the Court since then. (*See id.*) Accordingly, the Court dismisses this Action for failure to serve.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Second Circuit reviews "Rule 4(m) dismissals for failure to serve process . . . for abuse of discretion." *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002). "In the Rule 4(m) context, a district court abuses its discretion when . . . it dismisses a complaint sua sponte for lack of service without first giving notice to the plaintiff and providing an opportunity for her to show good cause for the failure to effect timely service." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). Here, the Court provided notice and an

opportunity to show good cause to Plaintiff through its April 8, 2026 Order to Show Cause. (Dkt. No. 4.)

Accordingly, Plaintiff's claims against Experian are dismissed without prejudice for failure to serve. *See Herring v. City of Syracuse*, No. 09-CV-1168, 2010 WL 3981960, at *2 (N.D.N.Y. Oct. 8, 2010) (dismissing pro se prisoner complaint pursuant to Rule 4(m) where "the [c]ourt repeatedly gave notice to [the] [p]laintiff that it was going to dismiss the action if he did not" comply with court orders); *Thomas v. Keane*, No. 99-CV-4302, 2001 WL 410095, at *1 (S.D.N.Y. Apr. 23, 2001) (noting that claims by an incarcerated pro se plaintiff were "dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to complete service on these defendants").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

Dated: September 30, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge